DIANE ATKINS, Plaintiff v. KELLY SPRINGFIELD TIRE CO., and
THE TRAVELERS INS., CO., Defendant

No. COA01-1460

(Filed 3 December 2002)

## Workers' Compensation— Form 21 agreement—failure to review medical records

The Industrial Commission erred in a workers' compensation case by approving plaintiff employee's Form 21 compensation agreement without reviewing her medical records as required by N.C.G.S. § 97-82(a) and the case is remanded for a determination of whether the Form 21 agreement was fair and just, because: (1) the record showed the Commission relied only on the Form 25R physician evaluation for permanent disability; and (2) the Commission's substitution of the Form 25R for the statutory requirement of a full and complete medical report is impermissible.

Appeal by plaintiff from Opinion and Award of the North Carolina Industrial Commission filed 4 October 2001. Heard in the Court of Appeals 10 September 2002.

*Kathleen G. Sumner, Attorney for appellant.*

*Jonathan C. Anders and Jaye E. Bingham, Attorneys for Appellees.*

WYNN, Judge.

Under *Lewis v. Craven Reg'l Med. Ctr.*, 134 N.C. App. 438, 441, 518 S.E.2d 1, 3 (1999), the Industrial Commission's conclusion that compensation and compromise agreements are "fair and just must be indicated in the approval order [and] must come after a full review of the medical records filed with the agreement submitted to the Commission." The claimant in this case argues that the Commission erred by approving her compensation agreement without reviewing

her medical records. Because the record shows that the Commission relied only on the Form 25R Physician Evaluation for Permanent Disability, and not the "full and complete medical report" as required under N.C. Gen. Stat. § 97-82(a) (2001), we remand this matter to the Commission for further consideration.

The underlying facts show that claimant Diane Atkins sustained a compensable injury to her left arm on 3 November 1995 while working at Kelly Springfield Tire Company. Based on a 10% permanent partial disability rating to her left arm made by her treating physician, Dr. James H. Askins, the parties executed a Form 21 Agreement for Compensation for Disability for 24 weeks of permanent partial disability benefits. The Commission approved the agreement on 19 August 1996 and two days later, the Commission approved a lump sum award of $11,472 to Ms. Atkins.

For the next three years, Ms. Atkins did not have any pain in her left arm nor did she receive any medical treatment for her compensable injury. However, after Ms. Atkins began experiencing pain in her left wrist in July 1999, she consulted with her former treating physician, Dr. Askins, who ultimately performed distal ulnar resection surgery on her hand. In October 1999, Ms. Atkins, through an attorney, filed a Form 18 Notice of Accident to Employer along with a request that the claim be assigned for a hearing. Following a hearing, Deputy Commissioner Amy Pfeiffer declined to set aside the Form 21 agreement and denied Ms. Atkins claim for additional benefits; Ms. Atkins appealed to the full Commission. From the full Commission's affirmance, Ms. Atkins now appeals to this Court.

The North Carolina Workers' Compensation Act, N.C. Gen. Stat. §§ 97-1 et seq., "does not prevent settlements made by and between the employee and employer so long as the amount of compensation and the time and manner of payment are in accordance with the provisions of this Article." N.C. Gen. Stat. § 97-17. If the employer and the injured employee reach an agreement regarding compensation, such agreement, "accompanied by a full and complete medical report, shall be filed with and approved by the Commission; otherwise such agreement shall be voidable by the employee or his dependents." N.C. Gen. Stat. § 97-82(a).

In addition to the statutory mandate that the agreement be "accompanied by a full and complete medical report", N.C. Industrial Comm. R. 501(3) states "no agreement will be approved until all relevant medical, vocational and nursing rehabilitation reports known to

exist in the case have been filed with the Industrial Commission." While Rule 503(3) does not define the term "relevant medical reports", reading 501(3) in light of N.C. Gen. Stat. § 97-82(a) leads us to conclude that relevant records include the full and complete medical records related to the work-related injury.

In this case, the Form 21 compensation agreement was submitted for approval with a Form 25R Evaluation for Permanent Disability stamped with the treating physician's signature.[1] Therefore, when the employer sought approval of the Form 21 agreement, no medical records were submitted to the Commission as required. Thus, the claimant argued before the full Commission that the Form 21 agreement must be set aside. In response, the full Commission concluded:

> [T]he Commission was presented with a Form 25R that was stamped with the treating physician's signature. . . . While perhaps not advisable, the Commission sometimes approves from agreements based upon a review of the Form 25R if the Form 25R is signed by the treating physician.

We hold that the Commission's substitution of the Form 25R for the statutory requirement of a full and complete medical report is more than "not advisable; it is statutorily impermissible. Under *Lewis*, this Court recognized that the N.C. Gen. Stat. § 97-82(a) requires the Commission to indicate in its approval order that the agreement is fair and just; furthermore, the fair and just determination *"must come after a full review of the medical records filed with the Agreement filed with the Commission." Lewis*, 134 N.C. App. at 441, 518 S.E.2d at 3 (emphasis added). "If the Commission approves an agreement without conducting the required inquiry and concluding the agreement is fair and just, the agreement is subject to being set aside." *Id.*

In this case, the Commission acknowledges that it substituted the Form 25R for the statutorily required "full and complete medical reports." Since we hold that this substitution is not permitted by our legislature, we must remand this matter for further consideration by the Commission to determine whether the Form 21 Agreement was fair and just. *Id.*

---

1. The parties discuss a 3 July 1996 medical note from the treating physician which may have been submitted with the Form 21 agreement to the Commission. The Commission concluded in its 4 October 2001 order "it is unclear from the record whether the 3 July 1996 medical note was included." Therefore this Court will not consider this note in its analysis.

On remand, "the Commission must determine the fairness and justness of the agreement from the medical evidence filed with the agreement at the time it was originally submitted to the Commission for approval." *Id.* Since it appears from the record there were not any medical records submitted to the Commission with the Form 21 agreement for approval in 1995, the Commission is to review all medical, vocational and rehabilitation records and data related to the work-related injury existing at the time the Form 21 agreement was submitted for original approval. In determining whether the Form 21 agreement was fair and just, the Commission should be guided by the direction set forth in *Lewis*: "The agreement is fair and just only if it allows the injured employee to receive the most favorable disability benefits to which he is entitled." *Lewis,* 134 N.C. App. at 441, 518 S.E.2d at 3.

Reversed and Remanded.

Judges GREENE and BIGGS concur.