MONA LISA SMYTHE, Employee, Plaintiff v. WAFFLE HOUSE, Employer, and OSTEEN ADJUSTING SERVICES, INC., Servicing Agent, Defendants

No. COA04-225

(Filed 17 May 2005)

1. **Workers' Compensation— settlement agreement—approval—biographical and vocational information—fairness**

    The Industrial Commission may not approve a workers' compensation settlement agreement without the biographical and vocational information required by statute and without a determination of the agreement's fairness. This record lacked medical evidence. N.C.G.S. § 97-17 and N.C.G.S. § 97-82.

2. **Workers' Compensation— settlement agreement—approval—fairness**

    The issue of whether a workers' compensation settlement should have been set aside for insufficient information upon which to determine fairness as required by Industrial Commission Rule 502 was properly raised below.

SMYTHE v. WAFFLE HOUSE

[170 N.C. App. 361 (2005)]

**3. Workers' Compensation— settlement agreement—approval—required information**

It is impermissible for the Industrial Commission to make a determination regarding the fairness of a settlement agreement without the information required by Industrial Commission Rule 502(2)(h) where plaintiff had not returned to work for the same or greater wages and she was unrepresented by counsel when she entered the settlement agreement. Here, there was no mention of plaintiff's age, education, training, or experience.

**4. Workers' Compensation— accord and satisfaction—settlement agreement—not properly approved**

There could be no accord and satisfaction of a workers' compensation claim based on a settlement which was not properly approved and was therefore not a final agreement.

Appeal by plaintiff from opinion and award entered by the North Carolina Industrial Commission on 15 May 2003. Heard in the Court of Appeals 2 November 2004.

*Ganly & Ramer, by Thomas F. Ramer, for plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Shelley W. Coleman, for defendant-appellees.*

HUDSON, Judge.

Acting *pro se*, plaintiff filed a Form 33 with the Industrial Commission on 30 October 2001, requesting to set aside her previously approved settlement agreements with defendants, signed in May and amended in September of 2001. After a hearing at which plaintiff represented herself, Deputy Commissioner Edward Garner issued an opinion and award on 24 June 2002 setting aside the settlement agreements based on findings of misrepresentation. Defendants appealed to the Full Commission, which reversed the Commissioner's opinion and award on 15 May 2003. Plaintiff appeals. For the reasons discussed below, we reverse.

The evidence tends to show that on 26 August 1999, while employed as a waitress by defendant employer, plaintiff slipped and fell, sustaining an admittedly compensable injury to her left knee. She was diagnosed with a left ACL tear and a medial meniscus tear and began treatment with Dr. Greg Motley, an orthopedic surgeon. On 22 October 1999, Dr. Motley operated on plaintiff's knee. He released plaintiff to return to work in January 2000 in a light duty position.

**SMYTHE v. WAFFLE HOUSE**

[170 N.C. App. 361 (2005)]

Dr. Andrew Rudins examined plaintiff on 11 January 2000 and determined that unless plaintiff had ACL reconstruction, she had reached maximum medical improvement. Dr. Rudins believed plaintiff had a permanent partial impairment rating of 29% to her left knee. Plaintiff continued with treatment while working in a light duty position, until Dr. Motley performed a second surgery on 19 October 2000. In December of 2000, plaintiff's physicians again recommended ACL reconstruction and plaintiff agreed. Defendants had paid for most of plaintiff's medical procedures to this point. Plaintiff was admitted to the hospital 21 March 2001 for the recommended ACL surgery which was postponed. The surgery was rescheduled twice, and ultimately not performed, because of defendants' refusal to authorize payment. The record before us contains no evidence that plaintiff returned to any form of wage-earning activity after 19 October 2000.

Plaintiff was represented by counsel in her workers' compensation case from March 2000 until April 2001, when she released her attorney. During this period, plaintiff's attorney communicated with defendants and the Commission. However, once she discharged her attorney, plaintiff began contacting defendants directly and discussing settlement of her claim for specific sums of money. After several rounds of negotiation, plaintiff agreed to accept $24,000 to settle her workers' compensation claim. On 15 May 2001, she met with defense counsel at their offices, where she signed a "Release of Employment Claims" for $2,000, as well as a separate workers' compensation settlement ("clincher") agreement for $24,000. Plaintiff signed the Release of Employment Claims agreement first, and before plaintiff signed the clincher agreement, a hospital called requesting authorization for plaintiff's rescheduled knee surgery. Defendant denied this request. On or about 31 May 2001, Deputy Commissioner Richard B. Ford issued an order approving the settlement. Defendants then paid plaintiff pursuant to the agreement and she cashed the $24,000 check.

On 26 September 2001, the attorney who represented plaintiff in her Social Security Disability claim contacted defendants and requested that they execute an amended settlement agreement which included language to address the offset of those benefits due to the worker's compensation settlement. Counsel for defendants agreed and the revised, executed agreement was approved by a Deputy Commissioner on 17 October 2001. Still *pro se* in her workers' compensation claim, plaintiff filed her Form 33 on 30 October 2001.

Defendants contend in their brief that the appeal should be dismissed due to violations of the Rules of Appellate Procedure, including failure to provide all necessary documents in the Record on Appeal (Rule 18) and failure to serve unpublished authority (Rule 30(e)(3)). However, defendants also filed a separate motion to dismiss, raising the same issues. By order, 14 July 2001, this Court denied defendants' motion to dismiss before the case was assigned to this panel. As we are bound by this ruling, we need not address these arguments.

[1] Plaintiff argues that the Commission erred by failing to undertake a full investigation to determine if the settlement agreement here was fair and just, as required by N.C. Gen. Stat. §§ 97-17 and 97-82. We agree.

The Industrial Commission must review all compromise settlement agreements to make sure they comply with the Workers' Compensation Act and the Rules of the Industrial Commission, and to ensure that they are fair and reasonable. *Vernon v. Mabe Builders,* 336 N.C. 425, 444 S.E.2d 191 (1994); *Biddix v. Rex Mills,* 237 N.C. 660, 75 S.E.2d 777 (1953). Pursuant to N.C. Gen Stat. § 97-17 (a) (2000), all workers' compensation settlement agreements must be filed with and approved by the Commission. This statute also states that "[t]he Commission *shall not approve* a settlement agreement . . . unless . . . [it] is deemed by the Commission to be *fair and just.*" N.C. Gen Stat. § 97-17 (b)(1) (emphasis added). N.C. Gen Stat. § 97-82 (2000) permits memoranda of agreement, subject to approval of the Commission, in certain cases and addresses payment and enforceability of such agreements. The Courts have applied these requirements to clincher agreements as well as those entered in ongoing cases, such as those involving Form 26. *See Vernon,* 336 N.C. 425 at 433, 444 S.E.2d 191 at 195.

The Commission is the "sole judge of the weight and credibility of the evidence." *Deese v. Champion Int'l Corp.,* 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000) (citing *Adams v. AVX Corp.,* 349 N.C. 676, 509 S.E.2d 411 (1998). This Court thus limits its review to determining whether "any competent evidence" supports the Commission's findings of fact and whether these findings support the Commission's conclusions of law. *Id.* However, we review the Commission's legal conclusions *de novo. Hilliard,* 305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982). "[W]hen the findings are insufficient to determine the rights of the parties, the court may remand to the Industrial Commission for additional findings." *Id.*

Here, the plaintiff does not take issue with any of the Commission's findings of fact. Indeed, the Commission did not make any findings of fact regarding the fairness of the agreement or whether it complied with N.C. Gen. Stat. §§ 97-17 and 97-82, or Industrial Commission Rule 502. Although the Commission found that there was no evidence of fraud, misrepresentation, undue influence, or mistake of fact, it did not address whether the agreement was fair or whether the Commission possessed sufficient information upon which to base a determination of fairness. By its own terms, N.C. Gen. Stat. § 97-17 (b) is mandatory and the Commission may not approve a settlement without addressing the fairness of the agreement. The Supreme Court in *Vernon* held that:

> [T]he statute requires, on the part of the Commission, a full investigation and a determination that a Form 26 compensation agreement is fair and just, in order to assure that the settlement is in accord with the intent and purpose of the Act that an injured employee receive the disability benefits to which he is entitled, and, particularly, that an employee qualifying for disability compensation under both sections 97-29 and -31 have the benefit of the more favorable remedy.

336 N.C at 432-33, 444 S.E.2d at 195. Similarly, in *Atkins v. Kelly Springfield Tire Co.*, this Court set aside a compensation agreement approved by the Industrial Commission because it was submitted to the Commission without complete medical records, as required per N.C. Gen. Stat. § 97-82 (a) and Rule 501(3). 154 N.C. App. 512, 571 S.E.2d 865 (2002), *disc. review granted*, 357 N.C. 61, 579 S.E.2d 284 (2003), *disc. review improvidently granted*, 358 N.C. 540, 597 S.E.2d 128 (2004). The Court concluded that it was "statutorily impermissible" for the Commission to determine that the agreement was "fair and just" without a review of the full medical records. *Id.* at 514, 571 S.E.2d at 867.

In this record, it appears that plaintiff did not return to employment after October 2000, and was not working at the time of the settlement. We are unable to determine, which, if any, medical records were before the Commission when the agreement was approved, or during the subsequent litigation to set it aside, since no medical evidence at all appears in the record. As such, we see no evidence from which the Commission could have determined the fairness of the agreement. Thus, we hold that the Commission's conclusion that "[t]here is insufficient evidence to justify setting aside the Compromise Settlement Agreements in this case" is not supported by

competent evidence or necessary findings. As in *Atkins*, we conclude that it was statutorily impermissible for the Commission here to approve the settlement agreement without the required biographical and vocational information, and the Commission should have set aside its order of approval.

**[2]** Plaintiff also contends that the Commission erred by not setting aside the agreement for failure to comply with Industrial Commission Rule 502(2). Defendant argues that plaintiff failed to properly raise this issue below and thus that it is not properly before this Court. However, we conclude that plaintiff's Form 33 and the assertion in her brief to the Full Commission, that the settlement agreement should be set aside because it "does not contain sufficient information upon which to base a determination regarding it's [sic] fairness," sufficiently raised the issue below.

**[3]** Industrial Commission Rule 502 provides that all settlement agreements must be submitted to the Commission for approval and will only be approved if "deemed fair and just and in the best interest of all parties." Rule 502(1). This requirement is in accordance with N.C. Gen. Stat. § 97-17 and the discussion above. Rule 502(2)(h) further provides that:

> (2) No compromise agreement will be approved unless it contains the following language or its equivalent:
>
>     . . .
>
> h.  Where the employee has not returned to a job or position at the same or greater average weekly wage . . . the agreement shall summarize the employee's age, educational level, past vocational training, past work experience, and any impairment . . . which predates the current injury . . . . This subsection of the Rule shall not apply where employee is represented by counsel . . .

Here, the face of the compromise agreement indicates that plaintiff had not returned to work for the same or greater wages and it is undisputed that plaintiff was unrepresented when she entered the agreement in May 2001. Thus, these more specific requirements of Rule 502(2)(h) apply to the agreement here. However, the settlement agreement here does not contain any of the information required under Rule 502(2)(h). It contains no mention of plaintiff's age, educational level, past vocational training, or past work experience. As

**SMYTHE v. WAFFLE HOUSE**

[170 N.C. App. 361 (2005)]

mentioned above, this Court held in *Atkins* that it is impermissible for the Commission to determine that a settlement agreement was "fair and just" without the medical records required by Rule 503. 154 N.C. App. at 514, 571 S.E.2d at 867. Likewise, we conclude that is impermissible for the Commission to make a determination regarding the fairness of a settlement agreement without the information required by Rule 502 (2)(h).

**[4]** Defendant also asserts that plaintiff's appeal is barred by the doctrine of accord and satisfaction, as she cashed defendant's check after signing the settlement agreement.

> An 'accord' is an agreement whereby one of the parties undertakes to give or perform, and the other to accept, in satisfaction of a claim . . . arising either from contract or tort, something other than or different from what he is, or considered himself entitled to; and a 'satisfaction' is the execution or performance, of such agreement.

*Zanone v. RJR Nabisco, Inc.*, 120 N.C. App. 768, 772, 463 S.E.2d 584, 587 (1995) (internal citation omitted). However, because we have concluded that the settlement agreement was not properly approved by the Commission, as required by the Workers' Compensation Act, it thus was not a final agreement. We conclude that there could be no accord and satisfaction of an agreement which has not been properly finalized. We do not address whether defendant is entitled to a credit for the amount of the settlement.

Because the Commission lacked information to make a determination of the agreement's fairness, as required by N.C. Gen. Stat. § 97-17 and Rule 502, we reverse and remand to the Full Commission to enter an order vacating the approval of the settlement agreement, and for further proceedings as necessary.

Reversed and remanded.

Judges WYNN and ELMORE concur.