THOMAS A. SALMONS, EMPLOYEE, PLAINTIFF, v. E. L. TROGDEN LUMBER COMPANY, EMPLOYER, CITIZENS CASUALTY COMPANY, CARRIER, DEFENDANTS.

(Filed 12 June 1968.)

**Master and Servant § 96—**

    Where an attorney has an agreement for a fee or compensation with a claimant under the Workmen's Compensation Act and files a copy or memorandum of the agreement with the hearing officer or the Commission prior to the conclusion of the hearing, the hearing officer or the Commission must approve the agreement if it is found to be reasonable, or if the agreement is unreasonable, must state the reasons for the finding and allow a reasonable fee.

SALMONS *v.* LUMBER CO.

APPEAL from North Carolina Industrial Commission.

On 15 January 1968 the full Commission adopted and affirmed an order dated 1 November 1967 by Chairman J. W. Bean wherein the plaintiff's motion to reopen the case and fix an attorney's fee was denied "for the reason that the time for appeal or reopening the case has run."

From this order the plaintiff noted an appeal to this Court.

Actually, the controversy does not involve the plaintiff but involves the attorney's fee of Ottway Burton, attorney for plaintiff.

The facts, which are not in dispute, reveal:

29 April 1964 plaintiff was injured.

6 November 1964 plaintiff was released by the doctor.

10 November 1964 last payment was made and report of compensation and medical paid was filed on 17 November 1964.

Up to this time the plaintiff employee, Salmons, had not been represented by an attorney. Being unable to arrive at a satisfactory settlement, plaintiff employee retained an attorney to represent his interests.

15 January 1965 plaintiff employee, Salmons, retained Ottway Burton and agreed with him in writing that his fee should be one-third of the recovery subsequent to that date. Immediately, on 15 January 1965, request was made to the North Carolina Industrial Commission for a hearing because of inability to agree on compensation, and according to the record filed with us this was accompanied by the fee agreement.

21 July 1966 a release, settlement, and clincher agreement providing for lump sum payment of $2,000 to plaintiff was entered into by all parties and sent to the Commission for approval.

29 July 1966 Commissioner Shuford entered an order approving the compromise settlement agreement, and, in this order, a counsel fee in the amount of $300 was approved. The reasonableness or unreasonableness of the fee agreement was not passed upon.

10 August 1966 plaintiff employee, Salmons, wrote Commissioner Shuford:

> "You have approved $300.00 for counsel fee for Outtway *(sic)* Burton in this case. He thinks he should receive a third of the $2,000.00 which would be $666.00. He said he would contact you about this matter. I am allowing him to hold an additional $366.00 in a trust fund until I have an aproval *(sic)* or disaproval *(sic)* on the matter from you. Personaly *(sic)* I feel like the $300.00 is enough. I would like to have this settled as soon as possiable *(sic)*."

2 November 1966 Secretary Stephenson of the Industrial Commission wrote:

"Dear Mr. Burton:

Plaintiff in the above case has written this office and has contacted us by telephone, stating you are holding in a trust account $366.00 in addition to the fee of $300.00 approved for you pending an application to this office to increase your fee. Since we have heard nothing from you after entry of the Order of July 29, please advise."

22 August 1967 Ottway Burton filed a motion requesting that the order of 29 July 1966 be changed to approve a counsel fee in the amount of $666.66 rather than the $300 originally approved.

25 August 1967 Chairman Bean wrote Mr. Burton and acknowledged receipt of the motion for the change of attorney's fee and advised that he had discussed the matter with the other members of the Commission and it was their opinion that the Statute of Limitations had run in the matter and that the order of 29 July 1966 had become final. 1 November 1967 J. W. Bean, Chairman, entered a formal order denying the motion to reopen the case, for the reason that the time for appeal or reopening the case had run.

8 November 1967 Mr. Burton appealed to the full Commission.

15 January 1968 the full Commission entered an order adopting the order of Chairman Bean and from this action on the part of the full Commission, the present appeal was taken.

*Ottway Burton, Attorney for plaintiff appellant.*
*No counsel, contra.*

CAMPBELL, J. There has been no determination as to the reasonableness or unreasonableness of the fee claimed in this matter. The only question involved is whether the order entered by the full Commission under date of 15 January 1968 was proper under the facts of this case.

G.S. 97-90(c) provides: "If an attorney has an agreement for fee or compensation under this article, he shall file a copy or memorandum thereof with the hearing officer or Commission prior to the conclusion of the hearing. If the agreement is not considered unreasonable, the hearing officer or Commission shall approve it at the time of rendering decision. If the agreement is found to be unreasonable by the hearing officer or Commission, the reasons therefor shall be given and what is considered to be a reasonable fee allowed. If within five (5) days after receipt of notice of such fee allow-

ance, the attorney shall file notice of appeal to the full Commission, the full Commission shall hear the matter and determine whether or not the attorney's agreement as to a fee or the fee allowed is unreasonable."

In this case Mr. Burton had an agreement for fee, and he complied with the statutory requirement and filed same with either the hearing officer or the Commission prior to the conclusion of the hearing. The order approving compromise settlement agreement was entered by Commissioner Shuford 29 July 1966, and in that order a counsel fee in the amount of $300 was approved. The provisions of the statute were not followed. "If the agreement is not considered unreasonable, the hearing officer or Commission shall approve it at the time of rendering decision. If the agreement is found to be unreasonable by the hearing officer or Commission, the reasons therefor shall be given and what is considered to be a reasonable fee allowed."

Mr. Burton is entitled to have the statute complied with and the reasonableness or unreasonableness of his fee agreement determined.

Remanded to Commission.

BRITT and MORRIS, JJ., concur.