BILLY BOLICK, Employee, Plaintiff v. ABF FREIGHT SYSTEMS, INC., employer, (Self-Insured), Defendant

No. COA07-198

(Filed 15 January 2008)

**1. Workers' Compensation— asbestosis—failure to apportion award**

The Industrial Commission did not err in a workers' compensation case by failing to apportion plaintiff's award of compensation based upon the portion of the disability caused by the occupational-related asbestosis, because: (1) where there is no evidence attributing a percentage of plaintiff's total incapacity to her compensable injury and to the noncompensable condition, or where the evidence before the Commission is such that any attempted apportionment of the disability between work-related and non-work-related causes would be merely speculative, apportionment is not proper; (2) the Commission was entitled to give greater weight to the testimony of Dr. Hayes, which supported the Commission's finding that plaintiff's disability could not be reasonably apportioned; and (3) the Commission's findings of fact support its conclusion that defendant is liable to compensate plaintiff for the entire disability.

**2. Workers' Compensation— prescription medical expenses— treatment for both work-related and non-work-related conditions**

The Industrial Commission did not err in a workers' compensation case by ordering defendant to pay for prescription expenses that treat both work-related and non-work-related conditions because: (1) a doctor testified that the FDA has not approved medication specifically designed to treat asbestosis and that plaintiff is treated with medication approved to treat the symptoms of obstructive lung disease and to improve his overall lung functioning; and (2) there was competent evidence in the record from this testimony to support the Commission's findings that plaintiff's prescription medications provided some relief to plaintiff by improving his overall lung functioning.

BOLICK v. ABF FREIGHT SYS., INC.

[188 N.C. App. 294 (2008)]

**3. Workers' Compensation— failure of Commission to expressly rule on reimbursement—past out-of-pocket medical expenses**

The Industrial Commission erred in a workers' compensation case by failing to expressly rule on whether defendant was required to reimburse plaintiff for past out-of-pocket medical expenses, and the decision is remanded for an explicit ruling on this issue, because while it appeared from the emphasis in the Commission's opinion and award which ordered defendant "to pay medical expenses, **when timely submitted**," as well as from its decision not to hold defendant in civil contempt, that the Commission implicitly ruled that plaintiff did not timely submit his request for reimbursement of $1,965.13, the better approach is to expressly respond to the issues raised by plaintiff's appeal.

**4. Workers' Compensation— failure to hold in civil contempt—discretionary ruling**

The Industrial Commission did not abuse its discretion in a workers' compensation case by failing to hold defendant in contempt for its failure to comply with the 4 June 2002 order and for not making adequate findings of fact to support its conclusion that defendant should not be held in civil contempt, because: (1) contrary to plaintiff's assertion, the Commission would not be required to sanction defendant even if it made explicit findings that all the conditions outlined in N.C.G.S. § 5A-21(a) were satisfied since civil contempt is a discretionary sanction; (2) due to the age of plaintiff's medical bills, the Commission appeared to have implicitly rejected the 4 June 2002 order with respect to past medical bills; and (3) the Commission found that the prosecution of the claim was reasonable and was not based on unfounded litigiousness, which provided a rational basis to deny the motion for sanctions.

Appeal by plaintiff and defendant from an Opinion and Award filed 27 September 2006 by the North Carolina Industrial Commission. Heard in the Court of Appeals 19 September 2007.

*Huffman Law Firm, P.A., by Richard L. Huffman, for plaintiff appellant-appellee.*

*Hedrick Eatman Gardner & Kincheloe, LLP, by Neil P. Andrews and M. Duane Jones, for defendant appellant-appellee.*

McCULLOUGH, Judge.

Defendant appeals an Opinion and Award of the North Carolina Industrial Commission ("the Commission"), finding plaintiff, Billy Bolick, permanently and totally disabled and awarding him compensation pursuant to N.C. Gen. Stat. § 97-29 (2005).

The evidence before the Commission tended to show that plaintiff, who is now 73 years of age with a ninth grade education, was employed for roughly 30 years by defendant, ABF Freight Systems, Inc. Plaintiff worked as a general laborer and local route driver for defendant's Charlotte terminal; his final day of work was 30 September 1987. Five of defendant's regular customers included businesses that produced asbestos products. As part of his duties, plaintiff loaded and unloaded freight and swept out trailers, which routinely contained boxes and bags that became unsealed and released asbestos dust into the air.

The evidence also showed that plaintiff smoked cigarettes for approximately forty-two years and has a history of asthma. On 30 September 1987, plaintiff retired from employment due to shortness of breath and respiratory problems, which became worse with time. On 7 June 1993, plaintiff's family doctor, Dr. Cutchin, found that plaintiff had multiple pleural nodules and plaques on his lungs, consistent with asbestos exposure. On or about 14 March 1994, after further testing, Dr. Edward Landis diagnosed plaintiff with asbestosis and a Class II impairment.

The Commission first heard plaintiff's claim for compensation on 14 May 1996, following which an Opinion and Award was issued on 14 May 1997. Plaintiff was found to have asbestosis and was awarded 104 weeks of compensation at the rate of $308.00 per week. Pursuant to that order, plaintiff has undergone three follow-up medical examinations.

On 4 April 2002, plaintiff filed a Motion for Immediate Payment of Out-of-Pocket Expenses for Medications Prescribed for Asbestos-Related Illness, which was granted by a 4 June 2002 order from Special Deputy Commissioner Elizabeth Maddox. Defendant did not comply with this order nor did he seek to have the order stayed.

In its most recent Opinion and Award, filed 27 September 2006, the Commission found:

9. . . . Dr. Hayes felt plaintiff had an obstructive condition that was classic in nature and that would require a disability rat-

ing. Dr. Hayes stated that, by definition, asbestosis is a restrictive condition, not an obstructive condition; however it can, in some limited cases, appear obstructive on pulmonology testing. . . . Dr. Hayes stated that [he] could not separate plaintiff's asthmatic conditions and asbestos-related lung disease to determine the cause of plaintiff's impairment, although if plaintiff had no other lung conditions other than the asbestosis related lung disease, Dr. Hayes believed he could be capable of gainful employment. . . .

. . . .

13. . . . [A]lthough [plaintiff's] medicines were prescribed in the late 1960s and early 1970s for asthma as opposed to asbestosis there is medical evidence to support finding that these medications do provide some relief for plaintiff's work-related condition.

The Commission concluded that: (1) plaintiff has been totally and permanently impaired since 14 March 1996 due to his age, education, work experience, as well as asbestosis and a pre-existing lung condition; (2) plaintiff's impairment cannot be apportioned between occupational and non-occupational causes; (3) plaintiff is entitled to continued compensation, pursuant to N.C. Gen. Stat. § 97-29, at a rate of $308.00 per week for the remainder of his life; and (4) plaintiff is entitled, pursuant to § 97-59, to have defendant pay for "medical expenses incurred, **when timely submitted**, or to be incurred, as a result of plaintiff's asbestos-related disease and asbestosis, as may be required to monitor, provide relief, effect a cure or lessen plaintiff's period of disability." (Emphasis in original.)

Defendant appeals, contending that the Commission erred by: (1) not apportioning the extent of plaintiff's disability between non-occupational factors and occupational factors; and (2) requiring defendant to pay for prescription expenses related to a non-occupational condition.

Plaintiff cross-appeals, contending that the Commission erred by: (1) failing to expressly rule on whether defendant is required to reimburse plaintiff for past out-of-pocket medical expenses; and (2) not holding defendant in contempt for its failure to comply with the 4 June 2002 order.

Appellate review of an Opinion and Award of the Industrial Commission is "limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the

findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). The Commission is the sole judge of the credibility of the witnesses and of the weight of the evidence. *Watkins v. City of Asheville*, 99 N.C. App. 302, 392 S.E.2d 754, *disc. review denied*, 327 N.C. 488, 397 S.E.2d 238 (1990). As long as there is some competent evidence to support the Commission's determination, it is binding on appeal even though the evidence might also support contrary findings. *Id.*

### Defendant's Assignments of Error

### A. Apportionment of Award

[1] Defendant first contends that the Commission should have apportioned plaintiff's award of compensation based upon the portion of the disability caused by the occupational-related asbestosis. We disagree.

It is well settled that apportionment of compensation is appropriate where the occupational disease in question "causes a worker to be partially physically disabled, and other infirmities, acting independently of and not aggravated by [the occupational disease], also cause the worker to be partially disabled[.]" *Rutledge v. Tultex Corp.*, 308 N.C. 85, 100, 301 S.E.2d 359, 369 (1983). However, where there is no evidence attributing a percentage of the plaintiff's total incapacity to her compensable injury and to the non-compensable condition, *Errante v. Cumberland County Solid Waste Management*, 106 N.C. App. 114, 119-20, 415 S.E.2d 583, 586 (1992); or where the evidence before the Commission is such that any attempted apportionment of the disability between work-related and non-work-related causes would be merely speculative, apportionment is not proper. *Harrell v. Harriet & Henderson Yarns*, 314 N.C. 566, 575, 336 S.E.2d 47, 52 (1985).

Here, the Commission noted that they afforded greater weight to the testimony of Dr. Allen Hayes than to Dr. Boehlecke and Dr. Dew regarding apportionment. While Dr. Hayes testified that plaintiff primarily suffered from an obstructive lung disease, classically associated with asthma and cigarette smoking, he testified that plaintiff's chest CT scan showed evidence of pleural plaques as well as parenchymal fibrosis, which are consistent with asbestosis, and stated that there is "no generally accepted way" to apportion the causes of the reduced lung functioning. Further, in his report of

his evaluation of plaintiff, Dr. Hayes stated that "it is impossible to apportion the relative contribution of" plaintiff's work-related asbestosis and non-work-related obstructive lung disease to his overall impairment.

Since the Commission was entitled to give greater weight to the testimony of Dr. Hayes, there is competent evidence in the record to support the Commission's finding that plaintiff's disability could not reasonably be apportioned between the work-related asbestosis and the other non-work-related lung disease. In turn, the Commission's findings of fact support its conclusion that defendant is liable to compensate plaintiff for the entire disability. This assignment of error is overruled.

## B. Prescription expenses

[2] Defendant next contends that the Commission erred in ordering defendant to pay for prescription expenses that treat both work-related and non-work-related conditions. We disagree.

N.C. Gen. Stat. § 97-2 defines medical compensation to include any medicines "as may reasonably be required to effect a cure or give relief and for such additional time as, in the judgment of the Commission, will tend to lessen the period of disability[.]" N.C. Gen. Stat. § 97-2(19) (2005). In interpreting provisions of the Workers' Compensation Act, we note that the legislature intends "for the Workers' Compensation Act to be construed liberally in favor of the injured worker to the end that its benefits not be denied upon technical, narrow or strict interpretation." *Harrell*, 314 N.C. at 566, 578, 336 S.E.2d at 54. Even if the medical treatment will not lessen the period of disability, the statute requires employers to pay for medical expenses, as long as they are reasonably required to (1) effect a cure or (2) give relief. *Little v. Penn Ventilator Co.*, 317 N.C. 206, 210, 345 S.E.2d 204, 207 (1986).

Dr. Hayes testified that the FDA has not approved medication specifically designed to treat asbestosis and that plaintiff is treated with medication approved to treat the symptoms of obstructive lung disease and to improve his "overall lung functioning." Based on this testimony, there is competent evidence in the record to support the Commission's finding that plaintiff's prescription medications provide some relief to plaintiff by improving his overall lung functioning. Thus, it was proper for the Commission to order defendant to pay for these medications. This assignment of error is overruled.

Plaintiff's Assignments of Error

A.  Past Medical Expenses

**[3]** Plaintiff first contends that the Commission erred by failing to expressly rule on whether defendant is required to reimburse plaintiff for past out-of-pocket medical expenses. We agree.

The Full Commission is charged with a duty "to make detailed findings of fact and conclusions of law with respect to every aspect of the case before it." *Joyner v. Rocky Mount Mills*, 92 N.C. App. 478, 482, 374 S.E.2d 610, 613 (1988). In *Vieregge v. N.C. State University*, 105 N.C. App. 633, 639, 414 S.E.2d 771, 774 (1992), we stated that pursuant to N.C. Gen. Stat. § 97-85 (2005), a party requesting review before the Full Commission and filing a Form 44 "is entitled to have the full Commission respond to the questions directly raised by his appeal."

While it appears from the emphasis in the Commission's Opinion and Award, which orders defendant to "pay medical expenses, **when timely submitted**," as well as from its decision not to hold defendant in civil contempt, that the Commission implicitly ruled that plaintiff did not timely submit his request for reimbursement of $1,965.13 in past out-of-pocket medical expenses, we find that the better approach is to expressly respond to the issues raised by plaintiff's appeal. Therefore, we remand for an explicit ruling as to whether defendant must reimburse plaintiff for past out-of-pocket medical expenses.

B.  Sanctions

**[4]** Finally, plaintiff contends that the Commission erred by: (1) not holding defendant in contempt for its failure to comply with the 4 June 2002 order; and (2) not making adequate findings of fact to support its conclusion that defendant should not be held in civil contempt.

Where a party fails to comply with the Workers' Compensation Rules of North Carolina, the Industrial Commission has discretionary authority to "subject the violator to any of the sanctions outlined in Rule 37 of the North Carolina Rules of Civil Procedure," which includes finding the violator in contempt of court. N.C. Admin. Code tit. 4 r. 10A.0802 (June 2006); N.C. Gen. Stat. § 1A-1, Rule 37 (2005). We review discretionary decisions under an abuse of discretion standard and will not disturb such decisions unless they are "mani-

BOLICK v. ABF FREIGHT SYS., INC.

[188 N.C. App. 294 (2008)]

festly unsupported by reason." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

Plaintiff contends that in order for the Commission to refuse to hold defendant in civil contempt, the Commission was required by N.C. Gen. Stat. § 5A-21(a), which outlines the guidelines for determining when an individual is in civil contempt, to make specific findings as to whether defendant was able to comply with the order or if the violation was willful. N.C. Gen. Stat. § 5A-21(a) (2005). We disagree. Because civil contempt is a discretionary sanction, even if the Commission made explicit findings that all of the conditions outlined in § 5A-21(a) were satisfied, the Commission would not be required to sanction defendant.

As previously discussed, due to the age of plaintiff's medical bills, the Commission appears to have implicitly rejected the 4 June 2002 order with respect to past medical expenses. Furthermore, the Commission also found that the prosecution of the claim was reasonable and was not based on unfounded litigiousness. While we agree with plaintiff that § 5A-21(a) does not require the Commission to find defendant's claim to be based on unfounded litigiousness in order to hold defendant in contempt, this finding is nonetheless a rational basis for the Commission, in its discretion, to deny plaintiff's motion for sanctions pursuant to Rule 802. This assignment of error is overruled.

Accordingly, the Opinion and Award of the Commission is affirmed in part and remanded for additional findings.

Affirmed in part; remanded for additional findings.

Judges CALABRIA and STEPHENS concur.