CATHY HINCEMAN, Employee, Plaintiff
v.
FOOD LION, SELF-INSURED (DELHAIZE AMERICA, INC., Servicing Agent) Employer, Defendant
No. COA08-538
Court of Appeals of North Carolina.
Filed December 16, 2008
This case not for publication.
Randy D. Duncan, for plaintiff-appellant.
Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by Joel K. Turner, for defendant-appellee.
CALABRIA, Judge.
Cathy Hinceman ("plaintiff") appeals the Full Commission's Opinion and Award granting Food Lion, Self-Insured (Delhaize America, Inc.)'s ("defendant") motion to enforce the mediation settlement agreement and award of attorney's fees. We affirm in part and remand in part.
On 6 December 2003, plaintiff was injured after slipping on defendant's icy parking lot. Plaintiff was unconscious after the injury and was diagnosed with a contusion of her head and multiplerib fractures. A bone scan revealed she incurred a T-4 vertebral compression fracture and a secondary concussion. Plaintiff's treatment included the placement of a neck brace, physical therapy and pain medications. Plaintiff was also referred to a mental health counselor and psychologist for treatment of depression and anxiety. Defendants filed a Form 60, dated 18 December 2003, admitting plaintiff's right to compensation and began paying plaintiff temporary total disability benefits.
On 4 October 2005, the parties reached a mediated settlement agreement. The agreement provided that plaintiff would receive $60,000 in compensation for her injuries, subject to an attorney's fee; defendants would reimburse plaintiff for mileage for medical visits; defendants would pay all related authorized unpaid medical bills in connection with the alleged injury until the date of Industrial Commission approval, including up to $700 in prescriptions; and defendants would pay the temporary total disability benefits until Industrial Commission approval. Plaintiff was served with a clincher agreement and had seven days to sign the clincher agreement. Plaintiff did not sign the clincher agreement and fired her attorney.
On 21 November 2005, defendant moved for a hearing before the Industrial Commission to enforce the mediated settlement agreement. Plaintiff responded to defendant's motion and asserted the mediated settlement agreement was not fair because it did not provide for long term medical care. Plaintiff also alleged she was mentally incompetent at the time to enter into an agreement. Plaintiff requested sanctions against defendant, a determination that her depression is compensable, and "second treatment opinions."
On 21 March 2006, a hearing was held before Deputy Commissioner Kim Ledford ("Deputy Commissioner Ledford") where both parties presented evidence. Plaintiff presented testimony from her psychologist, Dr. Brian Simpson ("Dr. Simpson"), who was treating plaintiff at the time of the settlement conference. Dr. Simpson testified her compensable injury was a substantive causative factor in her depression and panic disorder. Plaintiff's former attorney first learned she was seeing a psychologist at the mediated settlement conference. This information was not disclosed at mediation.
Deputy Commissioner Ledford concluded plaintiff was mentally competent to enter into the settlement agreement, but also concluded that her compensable injury contributed to her depression and other psychological problems. Deputy Commissioner Ledford determined the settlement agreement was not fair and just after considering the opinion of Dr. Simpson. Defendant appealed to the Full Commission.
The Full Commission issued an opinion and award on 5 March 2008. The Full Commission reversed Deputy Commissioner Ledford's award, concluding that plaintiff was mentally competent to enter into the settlement agreement and the settlement agreement was fair and just after considering the evidence presented at the time of the agreement. In addition, the Full Commission found that one of plaintiff's doctors was hesitant to prescribe pain medication for her due to inconsistencies on her exam and exaggeration of pain symptoms. Plaintiff appealed.

I. Standard of Review
"[W]hen reviewing Industrial Commission decisions, appellate courts must examine whether any competent evidence supports the Commission's findings of fact and whether those findings support the Commission's conclusions of law."McRae v. Toastmaster, Inc., 358 N.C. 488, 496, 597 S.E.2d 695, 700 (2004) (quotation omitted). "The findings of the Commission are conclusive on appeal when such competent evidence exists, even if there is plenary evidence for contrary findings." Hardin v. Motor Panels, Inc., 136 N.C. App. 351, 353, 524 S.E.2d 368, 371 (2000) (citation omitted). The Commission's conclusions of law are reviewable de novo. Deseth v. LensCrafters, Inc., 160 N.C. App. 180, 184, 585 S.E.2d 264, 267 (2003) (citation omitted).

II. Fair and Just
Plaintiff first argues the Full Commission erred in determining the mediation agreement was fair and just to all parties. We disagree.
"The Industrial Commission must review all compromise settlement agreements to make sure they comply with the Workers' Compensation Act and the Rules of the Industrial Commission, and to ensure they are fair and reasonable." Smythe v. Waffle House, 170 N.C. App. 361, 364, 612 S.E.2d 345, 348 (2005) (citations omitted). Mediated settlement agreements are governed by principles of contract law. Lemly v. Colvard Oil Co., 157 N.C. App. 99, 103, 577S.E.2d 712, 715 (2003) (citation omitted). "[A] valid contract exists only where there has been a meeting of the minds as to all essential terms of the agreement." Id. (quotation omitted).
Rule 502(1) of the Rules of the North Carolina Industrial Commission provides that "[a]ll compromise settlement agreements must be submitted to the Industrial Commission for approval. Only those agreements deemed fair and just and in the best interest of all parties will be approved." "[T]he Commission must determine the fairness and justness of the agreement from the medical evidence filed with the agreement at the time it was originally submitted to the Commission for approval." Lewis v. Craven Reg'l Med. Ctr., 134 N.C. App. 438, 441, 518 S.E.2d 1, 3 (1999) (footnote omitted). A compromise agreement is fair and just only if it allows a workers' compensation claimant to receive the most favorable disability benefits to which he or she is entitled. Id. (citations omitted). "The Commission is required to undertake a `full investigation' to determine that a settlement agreement is fair and just `in order to assure that the settlement is in accord with the intent and purpose of the Act that an injured employee receive the disability benefits to which he is entitled . . . .'"Kyle v. Holston Group, ___ N.C. App. ___, ___, 656 S.E.2d 667, 673 (2008) (quoting Vernon v. Steven L. Mabe Builders, 336 N.C. 425, 432, 444 S.E.2d 191, 195 (1994)). N.C. Gen. Stat. § 97-17 provides:
(b) The Commission shall not approve a settlement agreement under this section, unless all of the following conditions are satisfied:
(1) The settlement agreement is deemed by the Commission to be fair and just, and that the interests of all of the parties and of any person, including a health benefit plan that paid medical expenses of the employee have been considered.
(2) The settlement agreement contains a list of all of the known medical expenses of the employee related to the injury to the date of the settlement agreement, including medical expenses that the employer or carrier disputes, and a list of medical expenses, if any, that will be paid by the employer under the settlement agreement.
(3) The settlement agreement contains a finding that the positions of all of the parties to the agreement are reasonable as to the payment of medical expenses.
It is not necessary, however, to satisfy the condition in subdivision (2) of this subsection when in the settlement agreement the employer agrees to pay all medical expenses of the employee related to the injury to the date of the settlement agreement.
(c) In determining whether the positions of all of the parties to the agreement are reasonable as to the payment of medical expenses under subdivision (3) of subsection (b) of this section, the Commission shall consider all of the following:
(1) Whether the employer admitted or reasonably denied the employee's claim for compensation.
(2) The amount of all of the known medical expenses of the employee related to the injury to the date of the settlement agreement, including medical expenses that the employer or carrier disputes.
(3) The need for finality in the litigation.
N.C. Gen. Stat. § 97-17(b-c)(2007).
Plaintiff contends the mediated settlement agreement was not fair and just because she presented evidence showing her future medical costs exceeded the amount provided in the mediated settlement agreement. We disagree.
Competent evidence supports a finding that the amount was fair and just even though it did not provide for payment of pain medication and psychiatric treatment for the rest of her life. On appeal, this Court does not re-weigh the evidence. Adams v. AVX Corp., 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998). Where competent evidence supports a finding of fact, that finding will be binding on appeal, even if there is evidence to the contrary. Allen v. Roberts Elec. Contr'rs, 143 N.C. App. 55, 60, 546 S.E.2d 133, 137 (2001). Findings of fact not assigned as error are presumed to be supported by competent evidence. Watson v. Employment Security Comm., 111 N.C. App. 410, 412, 432 S.E.2d 399, 400 (1993) (citing Beaver v. Paint Co., 240 N.C. 328, 330, 82 S.E.2d 113, 114 (1954)).
The conclusion that the settlement was fair and just is supported by finding number eight, which states plaintiff has reached maximum medical improvement and no additional treatment was recommended. Since plaintiff did not assign error to this finding, it is presumed to be supported by competent evidence and is binding on appeal. Watson, 111 N.C. App. at 412, 432 S.E.2d at 400. The conclusion that the settlement was fair and just is also supported by the finding that no further pain medication would be prescribed to the plaintiff since her fracture had healed and that she appeared to be magnifying her symptoms. This finding was not assigned as error. Therefore, it is binding on appeal. Plaintiff's contention that $60,000 is not fair and just because it does not cover all of her medical expenses presumes that she will need to maintain her current medication for the remainder of her natural life. The Full Commission heard testimony from plaintiff's doctors indicating she would not need pain medication or other medical treatment for her lifetime. Dr. Paige, who had previously prescribed pain medication for plaintiff, testified his goal was to "wean" plaintiff completely off of her medications. Dr. Yapundich, plaintiff's neurologist, testified he would continue to treat her as long as the treatments were helping her, but that the current treatments did not seem to be helping her. Dr. Yapundich also testified he believed she was at or near maximum medical improvement.
The Full Commission also considered testimony by plaintiff's attorney at the time of the settlement conference, Kenneth Lee. Kenneth Lee testified he used the list of plaintiff's current medications and considered those costs in settlement negotiations.
Since we conclude the Full Commission's findings related to the conclusion that the mediated settlement agreement was fair and just are supported by competent evidence, we overrule this assignment of error.

III. Exclusion of Post-Mediation Evidence
Plaintiff next argues the Full Commission erred in failing to consider medical evidence relating to plaintiff's medical condition which was not presented at the mediation. We disagree.
Plaintiff assigned error to the following conclusions of law: 4. Even if a mediated settlement agreement may constitute a binding agreement under contract law, the Commission must still consider the agreement for approval pursuant to Rule 502. "Only those agreements deemed fair and just and in the best interest of all parties will be approved." N. C. I. C. Rule 502; See also Lemly v. Colvard Oil Co., 157 N.C. App. 99, 577 S.E.2d 712 (2003). In making a determination of whether an agreement is fair and just, the Industrial Commission must consider the evidence presented at the time of the agreement. Lewis v. Craven Reg'l Med. Ctr., 134 N.C. App. 438, 518 S[.]E[.]2d 1 (1999). The Industrial Commission may not set aside an agreement "merely because one party to the agreement acquired new information or evidence." Glenn v. McDonald's, 109 N. C. App. 45, 49, 425 S.E. 2d 727, 730 (1993). Plaintiff had sufficient time to present additional information concerning her medical and psychological condition prior to the mediation; but failed to do so. Id.
5. The undersigned have considered the mediated settlement agreement entered into by the parties in which plaintiff's claim is settled through a clincher agreement for the total amount of $60,000. Although plaintiff has presented additional evidence subsequent to the time of the mediation of psychological and medical treatment, the undersigned find that the mediated settlement agreement entered into by the parties on October 4, 2005 was fair and just to all parties at the time the agreement was entered into. Therefore, the mediated settlement agreement shall be enforced. N. C. Gen. Stat. § 97-17(b)(1); N. C. I. C. Rule 502.
Plaintiff failed to show these conclusions are in error. In reviewing whether an agreement is fair and just, the Industrial Commission considers the medical evidence "filed with the agreement at the time it was originally submitted to the Commission forapproval." Lewis, 134 N.C. App. at 441, 518 S.E.2d at 3 (footnote omitted).
In Atkins v. Kelly Springfield Tire Co., the employer submitted a Form 21 agreement for approval with the Industrial Commission. 154 N.C. App. 512, 513, 571 S.E.2d 865, 866 (2002). The employer did not submit any medical records along with the Form 21. Id. at 514, 571 S.E.2d at 867. The Industrial Commission approved the Form 21 agreement without reviewing any medical records. Id. This Court concluded "[s]ince it appears from the record there were not any medical records submitted to the Commission with the Form 21 agreement for approval in 1995, the Commission is to review all medical, vocational and rehabilitation records and data related to the work-related injury existing at the time the Form 21 agreement was submitted for original approval." Id. at 515, 571 S.E.2d at 867.
The agreement in this case would have been submitted for approval within twenty days from the date of mediation. In determining whether the agreement is reasonable as to the payment of medical expenses, the Full Commission considers inter alia the need for finality in the litigation and the amount of the "known medical expenses of the employee related to the injury to the date of the settlement agreement, including medical expenses that the employer or carrier disputes." N.C. Gen. Stat. § 97-17(c)(2) (2007). Evidence was presented showing that the parties did not have Dr. Simpson's records on the day of mediation. Dr. Simpson's treatment and diagnosis of the plaintiff was not considered at the time of the settlement. We conclude it was not error for the Full Commission to exclude Dr. Simpson's testimony. This assignment of error is overruled.

IV. Causation
Plaintiff also contends the Full Commission erred in failing to determine whether her work-related injury was a substantial cause of her psychological condition. We agree.
"It is well established that when a party appeals to the Full Commission, it is the `duty and responsibility of the full Commission to decide all of the matters in controversy between the parties.'" Alphin v. Tart L.P. Gas Co., ___ N.C. App. ___, ___, 666 S.E.2d 160, 165 (2008) (quoting Joyner v. Rocky Mount Mills, 92 N.C. App. 478, 482, 374 S.E.2d 610, 613 (1988)); see also Vieregge v. N.C. State University, 105 N.C. App. 633, 639, 414 S.E.2d 771, 774 (1992). Whether plaintiff's depression or other psychological problems were caused by or aggravated by her compensable injury was identified as an issue before the Deputy Commissioner. Defendants appealed the Deputy Commissioner's Opinion and Award by filing a Form 44. Defendants alleged as error the findings of fact and conclusion of law supporting the Deputy Commissioner's determination that plaintiff's psychological condition was aggravated by her compensable injury. Therefore, this issue was a matter of controversy between the parties and the plaintiff was entitled to a determination of this issue by the Full Commission.
The Full Commission found that plaintiff indicated to Dr. Boone that she was depressed because she was not able to look after her dying father due to her back pain. Dr. Boone diagnosed plaintiff with depression and noted that she had treated plaintiff "since June 2000 and that plaintiff's depression for which she had been prescribed medication pre-existed her December 2003 fall at work." This finding would support a conclusion that plaintiff's depression was not caused by her compensable injury. However, the Full Commission's conclusions of law do not address this issue.
Although the Full Commission's conclusion that the mediated settlement agreement was fair and just implies the Full Commission determined that plaintiff's depression was not causally related to her compensable injury, it is the better practice for the Industrial Commission "to expressly respond to the issues raised by [the] appeal." See Bolick v. ABF Freight Systems, Inc., ___ N.C. App. ___, ___, 654 S.E.2d 793, 797 (2008) (remanding for an explicit determination of one of the issues in controversy before the Full Commission). Accordingly, we remand for an explicit conclusion of whether plaintiff's depression and other psychological problems were substantially caused or aggravated by her compensable injury.

V. Attorney's Fees
Finally, plaintiff argues the Full Commission erred in awarding plaintiff's former attorney an attorney's fee more than the amount agreed upon at mediation.
Although plaintiff cites no authority in support of this argument in violation of N.C.R. App. 28(b)(6), we exercise our discretion to reach the merits of this argument. See Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co., 362 N.C. 191, 199-200,657 S.E.2d 361, 366-67 (2008) (under some circumstances noncompliance with N.C.R. App. R. 28(b)(6) may constitute a default precluding substantive review; where the violation was not gross or substantial appellate courts should reach the merits).
The Full Commission's Opinion and Award provided that "[d]efendant shall pay plaintiff pursuant to the terms of the final settlement agreement." The final settlement agreement states the parties agree that defendant "shall deduct TWELVE THOUSAND AND NO/100 DOLLARS ($12,000.00) from the lump sum settlement of SIXTY THOUSAND AND NO/100 DOLLARS ($60,000.00) if, as anticipated, said amount is approved as an attorney's fee . . . ." Yet, the Full Commission's Opinion and Award also awarded a "reasonable attorney's fee of 25% of the amount paid pursuant to the compromise settlement agreement[,]" which results in an award of $15,000 to the plaintiff's attorney. Pursuant to N.C. Gen. Stat. § 97-90(c) (2007), the Full Commission was required to make a determination of the reasonableness or unreasonableness of the agreed upon attorney's fee. See Cloutier v. State, 57 N.C. App. 239, 248, 291 S.E.2d 362, 368 (1982) (remanding to determine reasonableness of attorney's fee less than agreed upon by the parties in the approved settlement agreement); Salmons v. Lumber Co., 1 N.C. App. 390, 393, 161 S.E.2d 632, 634 (1968) (remanding an order approving compromise settlement agreement approving a counsel fee less than specified in a fee agreement without a determination whether the agreed fee was reasonable). We remand for a determination of whether the attorney's fee in the mediated settlement agreement was reasonable.

VI. Conclusion
We conclude the Full Commission's determination that the settlement agreement was fair and just is supported by competent evidence; the Full Commission did not err in excluding evidence not presented at the mediated settlement conference; the Full Commission should have expressly determined an issue of controversy between the parties; and the Full Commission abused its discretion in awarding an attorney's fee in excess of the amount agreed upon without a determination of the reasonableness or unreasonableness of the attorney's fee.
Affirmed in part, remanded in part.
Judges McCULLOUGH and TYSON concur.
Report per Rule 30(e).